**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

**UNITED STATES OF AMERICA** )
) CRIMINAL ACTION NO.
**v.** ) 2:17cr117-MHT
) (WO)
**REGINALD TRACY DANIELS** )

OPINION

Defendant Reginald Tracy Daniels was before the court for sentencing. The question presented was whether a sentencing court had the authority to vary downward under 18 U.S.C. § 3553(a)[1] when a defendant had received the safety-valve reduction under 18

---

1. Section 3553(a) requires courts to consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, and deter others; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution. 18 U.S.C. § 3553(a).

U.S.C. § 3553(f)(1)-(5).[2] The court concluded that it had the authority, but, in the exercise of discretion, declined to do so here. This opinion explains why.

Daniels pled guilty, pursuant to a Rule 11(c)(1)(A) and (B) plea agreement, to one count of aiding and abetting the attempt to possess with intent to distribute one kilogram of cocaine hydrochloride, in violation of 21 U.S.C. § 846. Because he met the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), he was eligible for the safety-valve reduction, which

---

2. The safety-valve applies to defendants who meet five criteria: (1) the defendant had no more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager or supervisor of others in the offense; (5) prior to the sentencing hearing, the defendant truthfully provided to the government all information and evidence the defendant had concerning the offense or related offenses. 18 U.S.C. § 3553(f)(1)-(5). Daniels met each of these criteria.

directed the sentencing court to disregard any statutory minimum. Pursuant to his plea agreement, he waived his right to argue for any downward departure, adjustment, or reduction under the United States Sentencing Guidelines, or any § 3553(a) variance. The parties agreed, however, that the agreement did not prevent the court itself from varying downward pursuant to § 3553(a).

When a defendant is eligible for a safety-valve reduction, "the court shall impose a sentence pursuant to [the Sentencing Guidelines] without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). This language notably differs from the statutory provision allowing sentencing courts to impose a sentence below a statutory minimum based on a defendant's 'substantial assistance' to the government, which instructs that any such reduction must be made "so as to reflect a defendant's substantial assistance." 18 U.S.C. § 3553(e). The Eleventh

Circuit Court of Appeals has held that the language of the substantial-assistance provision precludes sentencing courts, upon granting the government's substantial-assistance motion, from further varying down based on § 3553(a), because these other considerations do not "reflect a defendant's substantial assistance." *United States v. Aponte*, 36 F.3d 1050, 1052 (11th Cir. 1994) (per curiam). In contrast, while the plain language for a safety-valve reduction in § 3553(f) expressly limits the applicability of the statutory minimum, it does not restrict what a court may consider in imposing a sentence to any one or number of factors.

Thus, the question here was whether the safety-valve's mandate to sentence a defendant "without regard to any statutory minimum sentence" restored the court's discretion to vary, upward or downward, from the guidelines range, and to sentence the defendant in light of the § 3553(a) factors.

In *United States v. Quirante*, 486 F.3d 1273 (11th Cir. 2007), the Eleventh Circuit Court of Appeals indicated that a district court sentencing a defendant who received safety-valve relief should sentence him or her as it would any other defendant: consider the guidelines range and then determine a reasonable sentence under § 3553(a). The appellate court said that the district court, confronted with a defendant eligible for the safety-valve, erred when it failed to "correctly calculate the guidelines range in light of the safety valve and then *decide whether it should vary up or down from there in light of § 3553(a)."* *Id.* at 1276 (emphasis added). Similarly, citing *Quirante*, the appellate court in a later, unpublished opinion explained: "If a defendant qualifies for safety-valve relief, the district court must disregard the mandatory minimum sentence and sentence the defendant based upon the applicable guideline range and the factors in 18 U.S.C. § 3553(a)." *United States v. Clark*, 265 Fed.

5

Appx. 846, 849 (11th Cir. 2008) (unreported); *cf. United States v. Bodenhamer*, 334 Fed. Appx. 941 (11th Cir. 2009) (unreported) (affirming the sentence of the district court, which granted a downward variance after finding the defendant qualified for safety-valve relief).

District courts therefore have discretion, when presented with a safety-valve reduction, to grant a variance, upward or downward, as appropriate in light of § 3553(a) factors.

Here, the court sua sponte raised with the parties that it was considering varying downward but was concerned whether it had the statutory authority to do so. The court thought that Daniels's conduct might be considered "out of character" and "aberrant" and thus warranting a downward variance. However, after concluding, for the reasons given above, that it did have the statutory authority to vary downward, the court declined to do so in the exercise of its

6

discretionary authority. The evidence presented to the court showed that Daniels's relevant conduct involved five kilograms of cocaine, which, as the court flatly put it, "was a lot." His relevant conduct therefore involved a serious drug-trafficking offense. Daniels's actions also spanned a period of time and involved two separate instances, albeit related ones. The court therefore concluded that his conduct was thoughtfully carried out and, as a result, not so aberrant or uncharacteristic as to warrant a variance downward. Nevertheless, the court did give Daniels a sentence at the bottom of his guidelines range, that is, 57 months.

DONE, this the 7th day of November, 2017.

                                               /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**